

# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500                FAX 212-344-5461
WWW.WEITZLUX.COM

August 30, 2020

**VIA ECF**
Honorable Kenneth M. Karas
U.S. District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building & United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      RE:    *Loguidice v. Gerber Life Insurance Company*,
               Civil Action No.: 7:20-cv-3254 (KMK)

Dear Judge Karas,

      My law firm, along with Cohen & Malad, LLP, Branstetter Stranch & Jennings PLLC and Kaliel PLLC, represent the Plaintiffs, Josephine Loguidice and Emilie Norman, individually and on behalf of all others similarly situated, in the above-captioned case. This letter is Plaintiffs' response to Gerber's pre-motion conference letters dated June 29, 2020 and August 14, 2020.

      Gerber's proposed motion to dismiss rests largely on the proposition that Plaintiffs are required to describe in detail the specific advertisements they saw. However, where the Plaintiff "alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *19 (E.D.N.Y. July 21, 2010) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 328, 207 P.3d 20, 40 (2009)). *Ackerman* rejected a motion to dismiss very much like the motion Gerber proposes to make, addressed both to claims under California law and under New York's General Business Law (GBL) §§ 349 and 350. *Ackerman*, 2010 WL 2925955 at *23 (holding that the same allegations satisfied any reliance element necessary under New York's GBL). Here, Plaintiffs allege exposure to Gerber's long-term advertising campaign. Therefore, providing examples of the types of messages they saw is sufficient.

      While this Court has observed that "[t]o properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased," *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 530 (S.D.N.Y. 2018), the Court did not require that those misleading statements be described with any particular degree of specificity. Here, Plaintiffs have alleged that they ***did*** see the

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700  • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011WEST GRAND BLVD., SUITE 2150 • DETROIT, MI 48202 • TEL 313-800-4170



2179-123

misleading statements of which they complain before they purchased Gerber's product. Dkt. No. 25, Second Amended Complaint ¶¶ 46-47; 51-52; 93. The fact that Plaintiffs described the misleading statements they saw as like the examples set forth elsewhere in the Second Amended Complaint does not undermine Plaintiffs' allegations. Rather, it strengthens them.

Providing examples of the types of advertisements Plaintiffs saw is also sufficient to meet the particularity standards of Fed. R. Civ. P. 9(b). *See Ackerman*, 2010 WL 2925955, at *21; *Pang v. Samsung Elecs. Am., Inc.*, No. 18-CV-01882-PJH, 2018 WL 4491154, at *2 (N.D. Cal. Sept. 19, 2018).

Gerber is also incorrect in claiming that it is necessary for Plaintiffs to have been in New York when they saw the allegedly deceptive statements (although Plaintiff Norman was in New York, where she lives). Rather, as long as "'some part of the underlying transaction ... occur[red] in New York State,'" a party has "statutory standing to sue for deceptive practices and false advertising under sections 349 and 350." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 124 (2d Cir. 2013) (quoting *Mountz v. Global Vision Prods., Inc.*, 3 Misc.3d 171, 770 N.Y.S.2d 603, 608 (Sup.Ct.2003); alterations by the *Cruz* court). Here, the Second Amended Complaint alleges that part of the transaction occurred in New York State, "when Gerber accepted Ms. Loguidice's application for insurance and her premium payments in this state." Dkt. No. 25, Second Amended Complaint ¶ 111. The Second Amended Complaint further alleges that Ms. Norman "purchased her policies in this State, where she lives." *Id*.

Gerber's contention that its statements were not deceptive is simply not appropriate for decision on a motion to dismiss. While Gerber may have technically disclosed that its product was life insurance, the emphasis that its marketing placed on "cash value" and "savings" was misleading, given the underlying fact that the products were ill-suited to those goals. "[W]hether a statement is deceptive or misleading is a question of fact that is improper for the Court to resolve on a motion to dismiss." *Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *9 (S.D.N.Y. Jan. 13, 2020).

Finally, Plaintiffs have adequately alleged injury. Specifically, they have alleged that they purchased a product that they otherwise would not have purchased, based on Defendant's deceptive representations. Dkt. No. 25, Second Amended Complaint ¶¶ 48, 53. Allegations that the plaintiff "paid more than he otherwise would have and/or purchased a product he otherwise would not have" adequately allege injury. *See Mancuso v. RFA Brands,* LLC, No. 18-CV-6807L, 2020 WL 1846982, at *4 (W.D.N.Y. Apr. 13, 2020). Moreover, Plaintiffs were deprived of the benefit of their bargain when they did not receive a product without the savings features Defendant represented. *See Rodriguez v. Hanesbrands Inc.,* No. 17-CV-1612 (DLI), 2018 WL 2078116, at *5 (E.D.N.Y. Feb. 20, 2018), report and recommendation adopted, No. 17CV1612DLIRLM, 2018 WL 1686105 (E.D.N.Y. Mar. 30, 2018) (plaintiffs adequately alleged injury where they alleged "that they did not receive the run-resistant product that defendant led them to believe they were buying."). Similarly here, Plaintiffs did not receive the savings products Defendant led them to believe they were buying. The complaint also alleges pecuniary loss in the amount of the difference between the amounts Plaintiffs paid and the amounts they realized or could realize from the products. Dkt. No. 25, Second Amended Complaint ¶¶ 49, 54. Moreover, Plaintiff Norman spent more than $1300 for Gerber's College Plan product but when she cancelled the policy she received only $200. The difference between those amounts is a cognizable injury under GBL §§ 349 and 350.

We look forward to further addressing Gerber's arguments at the pre-motion conference and in formal briefing on Gerber's anticipated motion to dismiss. We thank Your Honor for your time and consideration.

                          Respectfully,

                          /s/ James J. Bilsborrow

                          James J. Bilsborrow, Esq.

cc:     All counsel of record (*via* ECF)