IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE LOGUIDICE and EMILIE NORMAN,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 7:20-cv-3254-KMK<br><br>[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. **DESIGNATION OF PROTECTED MATERIAL**

    1.1    In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

(a) A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its business and that is not generally known, and that the party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b) A party may designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive personal identifying information of other Gerber Life customers, such as (but not limited to) names, dates of birth, addresses, and social security numbers. Such materials shall not include any document or thing that previously was shared with the nondesignating party.

1.2 The following information shall not be designated or protected under this Protective Order:

(a) Information that is in the public domain at the time of disclosure, including advertising materials, press releases, and publicly filed financial statements;

(b) Information that at any time is made public through no act of a nondesignating party;

(c) Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of, or becomes available to, the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d) Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.3     Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," as appropriate, and indicating the identity of the producing party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

1.4     In the event that a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons permitted to view HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.1.

1.5     Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a) Any party may designate any portion or all of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" by

notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b) Any party may also designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties separately in writing within thirty (30) days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY for a period of thirty (30) days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

2. **ACCESS TO AND USE OF PROTECTED MATERIAL**

2.1 Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2 Information that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may be disclosed only to:

(a) Plaintiff's counsel and Defendant's outside attorneys of record and their

4

employees who are engaged in assisting in this action;

(b) In-house counsel of a receiving party (i) who has no involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this action, and (iii) who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A, may have access;

(c) Personal counsel of any party who (i) who has no involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this action, and (iii) who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A, may have access;

(d) Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 2.4 below;

(e) The Court and its personnel;

(f) Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(g) Professional vendors and their employees, including copy services, trialgraphics services, and translation services, engaged by counsel; and

(h) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the

information.

2.3     Information that has been designated as "CONFIDENTIAL" may be disclosed only to:

(a) The persons identified in paragraph 2.2; and

(b) Any party or employee of a party to whom disclosure is reasonably necessary for that party in connection with this litigation, who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A.

2.4     Protected Material shall be disclosed to consultants and experts only upon the following terms: Prior to any disclosure, the consultant or expert shall sign the "Agreement to Be Bound by Protective Order" in Exhibit A.

2.5     Prior to receiving any Protected Material, any persons described in sections (b), (c), (d), or (g) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.6     Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition:

(a) The parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer, if a third party;

6

(b) Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c) Former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that pertains to the subject matter of his/her consultation.

2.7     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. If any party intends to introduce or refer to Protected Material at any hearing or trial, however, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object to the disclosure and/or to ask the Court to take appropriate precautionary procedures to maintain the confidentiality of the Protected Material at issue.

2.8     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that, in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

2.9     All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

3. **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

3.1 Any party believing that particular information has been improperly marked (i.e., that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL –ATTORNEY EYES ONLY) may challenge such designation, at any time, by raising the issue in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within ten (10) business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2 The parties shall endeavor, in good faith, to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party that made the confidentiality designation shall have the burden of establishing the appropriateness of the designation.

3.3 Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

4. **FILING OF PROTECTED MATERIAL**

4.1 If a party files a document containing protected material with the Court, it shall do so in compliance with the applicable rules for filing documents under seal. Prior to disclosure at trial or a hearing of protected material, the parties may seek further protections against public disclosure from the Court.

## 5.     TERMINATION OF LITIGATION

5.1     The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Upon request made after termination of this action by judgment, settlement, or otherwise, from which no appeal can be brought, each party shall within thirty (30) days of the request destroy or return all documents containing or disclosing Protected Material of any other party. Plaintiff's counsel and Defendant's outside litigation counsel shall have the right to retain one (1) copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

## 6.     THIRD-PARTY DISCOVERY

6.1     In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order, by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

## 7.     INADVERTENT DISCLOSURE

7.1     If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without designating it pursuant to this Protective Order, the disclosing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party, in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality

designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order.

7.2     Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.3     The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work-product doctrine, or other privilege ("Protected Material") shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. A party who produces any Protected Material (the "Producing Party") without intending to waive a claim of privilege associated with such document may, within seven (7) days after the Producing Party actually discovers that such inadvertent production occurred, provide notice in writing (the "Notice of Inadvertent Production") to the party who received that production (the "Receiving Party") that such material was inadvertently produced and should have been withheld on a claim of privilege.

7.4     Once the Producing Party provides such Notice of Inadvertent Production to the Receiving Party, the Receiving Party may either agree to return and/or destroy the Protected Material at the Receiving Party's option, or may challenge the claim of privilege in accordance with this agreement. If the Receiving Party chooses to challenge a claim that the material is Protected Material in accordance with this agreement, and except as necessary to bring such a challenge to the assertion of privilege, the Receiving Party must: (1) promptly sequester the

specified document and any copies thereof; (2) refrain from referencing or disclosing the substance of such specified document to any third party; and (3) refrain from utilizing the information, or referencing the existence of the specified documents, in any way, during the course of the litigation, including, but not limited to, in connection with discovery or motions, or at trial, until the claim of privilege is resolved. Nothing in this paragraph shall prevent a party from maintaining a challenge to the assertion of privilege, or prevent a party from either attaching, referencing, discussing or arguing as to the assertion of privilege, as set forth below.

7.5     By complying with these obligations, the Receiving Party does not waive any right to challenge the assertion that material constitutes Protected Material. If the Receiving Party wishes to challenge an assertion of privilege made by a Producing Party, the Receiving Party must provide written notice to the Producing Party of such challenge (the "Notice of Challenge") within fourteen (14) days of receiving the written Notice of Inadvertent Production described herein. The Producing Party then has fourteen (14) days from receipt of the Notice of Challenge to respond to the Notice of Challenge. If the parties cannot resolve the issue, the Producing Party may then file a Motion for Protective Order within fourteen (14) days of the Producing Party's response to the Notice of Challenge. The Motion for Protective Order and all attachments thereto shall be filed under seal.

7.6     In the event of inadvertent disclosure of Protected Material and upon timely notice by the producing party, as provided herein, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party and to handle such retrieved documents in accordance with the procedure set forth herein.

**8. MISCELLANEOUS PROVISIONS**

8.1     If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Fed. R. Civ. P. 30-36 or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third-Party Request"), the party to whom the Third-Party Request is directed will not produce such information without first giving prompt written notice if permitted by law (including a copy of the Third-Party Request) to the attorneys of record for the producing party. The party receiving the Third-Party Request must also promptly inform, in writing, the party who caused the Third-Party Request to issue in the other litigation that some or all the material covered by the Third-Party Request is subject to this Protective Order. The party receiving the Third-Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third-Party Request to issue.

8.2     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third-Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third-Party Request shall not constitute a violation of this Protective Order.

8.3     This Protective Order may be modified only by further Order of the Court, whether sua sponte or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. Non-parties may

seek permission to intervene to challenge the terms of or operation of this Order

SO STIPULATED AND AGREED.

/s/ Lynn A. Toops
Lynn A. Toops, Esq.
Natalie A. Lyons, Esq.
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
317-636-6481
ltoops@cohenandmalad.com
nlyons@cohenandmalad.com

J. Gerard Stranch, IV, Esq.
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
615-254-8801
gerards@bjsfirm.com

Jeffrey D. Kaliel, Esq. (pro hac vice pending)
KALIEL PLLC
1875 Connecticut Avenue, NW, 10th Floor
Washington, D.C. 20009
202-350-4783
jkaliel@kalielpllc.com

James J. Bilsborrow
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, NJ 07660
P. 212.584.0755
jbilsborrow@seegerweiss.com

*Attorneys for Plaintiff and the Putative Class*

/s/ Eric W. Richardson
Eric W. Richardson (KBA 86738)
Joseph M. Brunner (admitted *pro hac vice*)
Petra G. Bergman (admitted *pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
Suite 3500, Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 723-4019
Facsimile: (513) 852-7885
ewrichardson@vorys.com
jmbrunner@vorys.com
pgbergman@vorys.com

*Attorneys for Defendant Gerber Life Insurance Company*

SO ORDERED.

Dated: 4/20/21

_____
Hon. Kenneth M. Karas, U.S.D.J.

13

## EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Loguidice v. Gerber Life*, No. 7:20-cv-3254-KMK currently pending in the United States District Court for the Southern District of New York.

I further certify that I have read the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") and agree to be bound by it. I understand that all provisions of the Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

DATED: _____

_____
SIGNATURE

_____
PRINT NAME

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Stipulated Confidentiality Agreement and Protective Order was filed this on April 20, 2021 using the Court's ECF electronic filing system and that all counsel of record therefore will receive service via that system.

/s/ Natalie Lyons