

Louis F. Cohen (1936–1992)
Richard M. Malad (Retired)
Irwin B. Levin
David J. Cutshaw
Gregory L. Laker
Richard E. Shevitz
Brian K. Zoeller +
Lynn A. Toops
Scott D. Gilchrist
Julie M. Andrews
Vess A. Miller ••

Daniel S. Chamberlain •••
Gabriel A. Hawkins
Jeffrey A. Hammond •
Edward B. Mulligan V ••••
Michael W. McBride
Jonathan A. Knoll
Justin C. Kuhn
Amina A. Thomas
Lisa M. LaFornara
Natalie A. Lyons • ••
Andrea R. Simmons
Chad J. Bradford ••

Brett B. Thomas
Conner R. Dickerson
Emily D. Kopp
Tara L. Cragen
Laurel R.K. Gilchrist
Mallory K. Schiller ^
Molly K. McMath
Ian R. Bensberg

*Of Counsel:*
George W. Hopper
Laura C. Jeffs

+ Certified Family Law
  Specialist, Family Law
  Certification Board
^ Only Admitted
  In Tennessee
Also Admitted In:
•    Alabama
••   California
•••  North Carolina
•••• New Jersey
▪    Illinois
▪▪   Kentucky

February 26, 2026

<u>*VIA ECF*</u>
Honorable Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

   Re: *Josephine Loguidice, et al. v. Gerber Life Insurance Co.*, No. 7:20-cv-3254

Dear Judge Karas:

   Plaintiffs respectfully oppose Gerber Life's request for leave to move for an order compelling Plaintiffs to submit a trial plan. Gerber Life's request is a thinly veiled attempt to relitigate issues this Court has repeatedly rejected—at class certification, at summary judgment, and again on the failed decertification motion. Having lost those fights, Gerber Life now repackages the same arguments as a demand for a "trial plan." The Court should reject this end-run for the same reasons it has rejected every version before.

   Plaintiffs do agree the time has come to set this case for trial and for the parties to plan for trial management. On February 24, 2026, notices were mailed to the class, and the opt-out deadline is May 26, 2026. The Court should set a trial date and order the parties to submit a Joint Pretrial Order, required under Section V.A. of Your Honor's Individual Rules of Practice.

### I. Gerber Life's Proposed Trial Plan is Inappropriate.

   Gerber Life asks for Plaintiffs to produce a "trial plan" to "confront the 'key recurring concerns of manageability' in class actions," specifically to address "Gerber Life's right to present individualized defenses as to the voluntary payment doctrine, reliance and exposure." ECF No. 408 at 2. But "these are issues already addressed by the Court which Defendant[] attempts to revive, despite having cited no authority for requiring Plaintiffs to prepare a 'trial plan.'"[1] *Medlock v. Taco Bell Corp.*, 2014 WL 4319510, at \*5 (E.D. Cal. Aug. 29, 2014) (declining to order a trial plan where the defendant's request was merely "an effort to re-address the manageability standards already addressed by this Court"); *see also In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 318 F.R.D. 435, 449 (D. Colo. 2015) (finding no need for a trial plan to address supposed individualized issues where the court "already determined that common issues predominate and that the proposed Class satisfies the

---

[1] No case cited by Gerber Life imposed a requirement for Plaintiffs to unilaterally propose a trial plan, much less a trial plan on only the aspects of trial for which the defendant bears the burden to prove.



requirements of Rule 23(a) and 23(b)(3)"). After rigorous inquiry, the Court already determined that predominance was satisfied and the class was manageable. The Court explained: "any concerns about the manageability really come down to a theory that the Court has already rejected; that innumerable individualized inquiries will swallow the common ones, and the Court was not persuaded that that's likely to happen here." Bench Ruling Tr., ECF No. 320, Tr. 45:5-9.

That determination carries weight here. The whole point of Rule 23's "rigorous" analysis is to pin down "precisely which common factual questions—which elements of the cause of action—[the Court] could submit to the jury[.]" *In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 246 (6th Cir. 2024); *see also* Fed. R. Civ. P. 23, advisory committee's note to 2003 amendment (explaining that "discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial"). Rule 23 also requires the Court to make findings on potential "difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). After rigorous analysis, the Court held these requirements were satisfied, a conclusion the Second Circuit left undisturbed. Gerber Life has no basis to relitigate them. It does not get endless bites at the same apple to stall trial.

Thus, for the same reasons, the Court should shut down further motion practice on these already-decided issues. Gerber Life again insists that the voluntary payment doctrine necessarily requires "individualized evidence to show how individual class members subjectively understood the nature of the products," ECF No. 408 at 2. But the Court already rejected that argument, holding the voluntary payment doctrine defense turns, in the first instance, on "'upstream' conduct to the extent that it turns on what Defendant communicated to the class." ECF No. 405 at 4. That, in any event, was exactly what Gerber Life's "own briefing at summary judgment [sought] to prove, across the class." ECF No. 405 at 4.

Gerber Life's latest spin on the voluntary payment doctrine rests on pure speculation. It imagines that "certain class members 'somehow stumbled upon the nondisclosed fact at issue on [their] own and continued to make payments.'" ECF No. 408 at 2 (quoting ECF No. 405 at 5, n.4). The Court, however, need not indulge "defenses that [Gerber Life] *might* advance or for which it has presented no evidence." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018). Gerber Life offers nothing concrete—*e.g.*, no admissible evidence, no witnesses—to demonstrate that this defense necessarily raises individualized issues. And while the Court acknowledged that procedural tools exist if the "voluntary payment doctrine would necessitate individualized proof," it made clear that it is "skeptical that need will arise." ECF No. 405 at 7. That need has not arisen, where Gerber Life has come armed without evidence or witnesses—just the same tired arguments the Court has already rejected.

The remaining arguments on "reliance" and "exposure" fare no better this time around. ECF No. 408 at 3. On GBL "exposure," Gerber Life seeks to question every class member by cherry-picking a truncated quote from the Court's Order denying decertification. ECF No. 408 at 3 (representing that the Court stated "if an individual class member 'did not view *any* of the scheme—and the jury may make that call—the class's claims founder'"). (*Id.*) (emphasis original). What the Court actually said is the class's claims could fail if "the *plaintiff*"—not every class member—"did not view *any* of the scheme." ECF No. 405 at 5 n. 3. That distinction matters. The GBL does not, as this Court has repeatedly explained, impose a classwide "exposure" requirement. "Requiring one hundred percent certainty that each and every customer has been exposed to the representations at issue would impermissibly depart from the objective standards of section 349 and 350 of the GBL and would impermissibly read a seeing and a reliance requirement into the statute." *Hasemann v. Gerber*

2

*Prods. Co.*, 331 F.R.D. 239, 267 (E.D.N.Y. 2019). These so-called "individualized issues of exposure" are therefore manufactured by Gerber Life's mischaracterization of the Court's Order and unmoored to the well-established standard governing GBL. There can be no requirement for a "trial plan" to address issues that do not exist.

So too with "reliance." This Court already found that "plaintiffs can prove reliance through common evidence (that is, through legitimate inferences based on the nature of the challenged misrepresentations)." ECF No. 405 at 6, n. 5 (citing Bench Ruling Tr., ECF No. 320, Tr. 41:4-23). That does not require individualized evidence from over two million class members. For example, the Second Circuit found "circumstantial proof based on the reasonable inference that customers who pay the amount specified in an inflated invoice would not have done so absent reliance upon the invoice's implicit representation that the invoice amount was honestly owed." *In re U.S. FoodService Inc, Pricing Litig.*, 729 F.3d 108, 120 (2d Cir. 2013). There, the Second Circuit explained, "proof of payment constitutes circumstantial evidence that plaintiffs *lacked* knowledge of the scheme." *Id.* Similar proof, premised on the uniformity of the advertising scheme and payment, is thus appropriate to show classwide reliance here.

The case cited by Gerber Life, *Ge Dandong v. Pinnacle Performance Ltd.*, 2023 WL 5658790, at *11 (S.D.N.Y. Oct. 17, 2013), does not hold, much less suggest, that class fraud claims always raise individualized reliance issues. There, the Court noted that "[t]he fraud-on-the-market presumption of reliance that applies in federal securities claims under Rule 10b-5 does not apply to a common law fraud action" and so it took care to show that reliance based on a common scheme is *not* "just a version of the fraud created the market presumption." *Id.* at *10-11. For that reason, the Court explained, it could not "presume, as a matter of law" (as it could under a fraud-on-the-market theory) "that the element of reliance is satisfied for each putative class member." *Id.* "Instead," the Court noted, "in *this* case" each plaintiff may prove reliance "through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue)." *Id.* at *11 (quoting *In re U.S. Foodservice Pricing Litig.*, 729 F.3d at 124). As this Court has repeatedly recognized, that is exactly what Plaintiffs intend to do.

All told, strip away the "trial plan" label, and Gerber Life's request is easy to see for what it is: another do-over to delay trial. Gerber Life's letter shows no interest in building a workable trial structure. Instead, it demands Plaintiffs unilaterally propose a trial plan on three issues so Gerber Life can recycle arguments that have been repeatedly rejected. That is not trial management. It is an attempt to delay and relitigate under yet another heading. The Court should decline the invitation.

## II.    The Court Should Order the Parties to Submit a Joint Pretrial Order.

While Plaintiffs disagree with Gerber Life's request for a lopsided "trial plan," Plaintiffs do appreciate the need to set the parameters for trial and are excited to do so. Your Honor's Individual Rules contemplate exactly that: a Joint Pretrial Order. With the Class notified and the opt-out deadline on May 26, Plaintiffs believe it is time for the Court to set a trial date and order the parties to submit a Joint Pretrial Order.

3

CohenMalad, LLP

One Indiana Square, Suite 1400 . Indianapolis, IN 46204 . Office 317.636.6481 . Fax 317.636.2593 . cohenmalad.com



Respectfully submitted,

*Lynn Toops*

Lynn A. Toops, Counsel for Plaintiffs

cc:    All counsel of record (via ECF)

4

CohenMalad, LLP

One Indiana Square, Suite 1400 . Indianapolis, IN 46204 . Office 317.636.6481 . Fax 317.636.2593 . cohenmalad.com