# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 27, 2026

<u>Via ECF</u>

Honorable Kenneth M. Karas,
 United States District Court for the Southern District of New York,
  300 Quarropas Street,
   White Plains, New York 10601.

Re:  *Loguidice* v. *Gerber Life Ins. Co.*, No. 20-cv-3254 (KMK)

Dear Judge Karas:

Defendant Gerber Life Insurance Company respectfully submits this reply in further support of its request for a joint trial plan, which will benefit the Court and the parties.

*First*, Plaintiffs mischaracterize Gerber Life's request as seeking to relitigate class certification. Not so. Gerber Life seeks an order directing the parties to meet and confer and then to submit a trial plan reflecting any areas of agreement and disagreement over that plan. Plaintiffs are also wrong that Gerber Life urges a trial plan only on issues on which Gerber Life "bears the burden." (Dkt. 411 at 1 n.1.) Plaintiffs bear the burden on reliance and ad exposure for their fraudulent inducement and GBL claims, respectively, which present critical trial planning issues that should be addressed before trial.

*Second*, Plaintiffs conflate Rule 23 manageability with trial mechanics. (Dkt. 411 at 1-2.) In finding that a trial on Plaintiffs' claims was "manageab[le]" under Rule 23(b)(3), the Court did not specify any particular trial structure. (Dkt. 320 at 45:5-9.) By contrast, in denying decertification, the Court specifically contemplated the need for a trial plan: "if, for whatever reason, **the trial plan** reveals that the voluntary payment doctrine would necessitate individualized proof," procedural tools remain available. (Dkt. 405 at 7 (emphasis added).) A joint trial plan submission will assist the Court in deciding now—rather than on the eve of or during trial—whether any sequencing or bifurcation is appropriate. Plaintiffs cite two out-of-circuit district court decisions addressing certification-stage manageability, not a trial court's authority to structure trial. In fact, in *In re Oppenheimer Rochester Funds Group Securities Litigation*, the court declined to require a trial plan "at this juncture," recognizing that "case management tools" were available to "address any individualized issues" if needed. 318 F.R.D. 435, 449 (D. Colo. 2015); *see In re Visa Check Antitrust Litig.*, 280 F.3d 124, 140-141 (2d Cir. 2001) (in finding manageability under Rule 23, observing "[t]here are a number of management tools available to a district court," including bifurcation or post-trial decertification, to address individualized issues

The Honorable Kenneth M. Karas                                                                    -2-

"that might arise in a class action"), *abrogated on other grounds by*, *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006).

*Third*, as this Court has recognized, the voluntary payment doctrine bars recovery of payments voluntarily made "after the buyer has a subjective awareness" of the purchased products. (Dkt. 374 at 67.)  Citing only out-of-circuit authority, Plaintiffs try to sidestep Gerber Life's right to present this defense by brushing it aside as "pure speculation." (Dkt. 411 at 2.)  But the record evidence shows that every class member went through an individualized application process (Dkt. 408 at 2), and consumer survey evidence—including Plaintiffs' own survey expert— confirms that consumers did not interpret the challenged ads uniformly. (*See, e.g.*, Dkt. 197-54 at 14 (Plaintiffs' expert finding that 27% of respondents interpreted Grow-Up Plan ads as marketing "only a form of life insurance").)  Accordingly, if Gerber Life establishes at trial that class members' "subjective awareness" of its Grow-Up Plan and College Plan varied, the Court would need to employ case-management tools—whether sequencing, bifurcation, or other procedural mechanisms—to resolve any individualized issues.

*Fourth*, even if Plaintiffs plan to present evidence of a uniform "scheme" to establish reliance and exposure for their fraudulent inducement and GBL claims (Dkt. 411 at 2-3), Gerber Life is entitled to present evidence to the jury, as this Court recognized, that "there *is* no misleading, common advertising scheme or the plaintiff did not view *any* of the scheme" (Dkt. 405 at 5 n.3).  This case is nothing like *In re U.S. Foodservice Inc. Pricing Litigation*, which involved the payment of fake invoice charges.  729 F.3d 108, 119-120 (2d Cir. 2013).  Because no consumer would pay fake charges, there was no basis to allow the defendant to present individualized rebuttal evidence on reliance.  *Id*.; *see Sergeants Benevolent Ass'n Health & Welfare Fund* v. *Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 88 (2d Cir. 2015) (inference of class-wide reliance "may be available if, for example, the class members all faced 'the same more-or-less one-dimensional decisionmaking process,' such that the alleged misrepresentation would have been 'essentially determinative' for each plaintiff") (citation omitted).  In contrast, because there *is* evidence in this case that consumers did not interpret the challenged ads uniformly, Gerber Life is entitled to present individualized evidence rebutting reliance.  Plaintiffs are also wrong in suggesting (Dkt. 411 at 2) that class members who never saw *any* allegedly misleading ads can maintain a GBL claim.  As the Court recognized at summary judgment, class members who did not see the challenged ads do not have viable claims under the GBL.  (Dkt. 374 at 63).

*Finally*, Gerber Life requests that the Court allow the parties to meet and confer to discuss a proposed schedule for preparing the Joint Pretrial Order and suggested trial dates, taking into account the schedules of the parties, witnesses, and counsel, as opposed to the Court setting dates unilaterally without taking those schedules into account.

The Honorable Kenneth M. Karas                                                          -3-


                                                    Respectfully,

                                                    */s/ Robert J. Giuffra, Jr.*

Eric W. Richardson, *pro hac vice*                  Robert J. Giuffra, Jr.
Joseph M. Brunner, *pro hac vice*                   Suhana S. Han
Brent D. Craft, *pro hac vice*                      Nicole W. Friedlander
Emily E. St. Cyr, *pro hac vice*                    Nicholas F. Menillo
Petra G. Bergman, *pro hac vice*                    **SULLIVAN & CROMWELL LLP**
**VORYS SATER SEYMOUR AND**                         125 Broad Street
**PEASE LLP**                                       New York, New York  10004
301 East Fourth Street, Suite 3500                  Telephone:  (212) 558-4000
Cincinnati, OH  45202                               Facsimile:  (212) 558-3588
Telephone:  (513) 723-4019
Facsimile:  (513) 852-7885                          Kamil R. Shields
                                                    **SULLIVAN & CROMWELL LLP**
                                                    1700 New York Avenue N.W.
                                                    Suite 700
                                                    Washington, D.C.  20006
                                                    Telephone:  (202) 956-7500
                                                    Facsimile:  (202) 956-7676

                                                    *Counsel for Defendant Gerber Life*
                                                    *Insurance Company*


cc:      All counsel of record (via ECF)