UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTATE OF JOSEPHINE LOGUIDICE, *et al.*,

Plaintiffs,

v.

GERBER LIFE INSURANCE COMPANY,

Defendant.

No. 20-CV-03254 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiffs Estate of Josephine Loguidice and Emilie Norman ("Plaintiffs") bring this class action against Gerber Life Insurance Company ("Defendant"), alleging two of Defendant's insurance policies—the Grow-Up Plan and the College Plan (the "Plans")—were deceptively marketed to consumers, violating New York's General Business Law and constituting fraudulent inducement. (Second Am. Compl. (Dkt. No. 25).) The Court certified a class of certain holders of the Plans on September 27, 2024, under Federal Rule of Civil Procedure 23(b)(3). (Hr'g Tr. (Dkt. No. 320).) Before the Court is Defendant's request for leave to move for an order requiring Plaintiffs to submit a trial plan as to issues of "manageability" of the class trial, including of Defendant's right to present individualized defenses. (*See* Letter Mot. for Leave to File Mot. to Order Trial Plan ("Def.'s Ltr") (Dkt. No. 408).) The Court denies Defendant's request.

"Federal Rule of Civil Procedure 23 does not require Plaintiffs to provide a trial plan to Defendant." *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-CV-6296, 2020 WL 38895, at *4 (W.D.N.Y. Jan. 3, 2020); *see also* Fed. R. Civ. P. 23. Some courts nevertheless "require a party requesting class certification to present a 'trial plan' that describes the issues likely to be

presented and tests whether they are susceptible of class-wide proof." Fed. R. Civ. P. 23(c) advisory committee's note to 2003 amendment; *see also* William B. Rubenstein, 2 Newberg and Rubenstein on Class Actions § 4:79 (6th ed.) ("While . . . some courts have required the party seeking class certification to present a trial plan, many others do not. . . . [T]hey . . . are required far less frequently than often presumed." (footnotes omitted)).

The Court's Order denying Defendant's Motion to Decertify suggested a trial plan could clarify issues as to individualized proof at trial. (*See* Order Denying Mot. to Decertify ("Order") 7 (Dkt. No. 405).) But the Parties' letters on Defendant's request have shown there is no purpose a trial plan would serve at this stage of the case that would not be better served by a conference between the Parties and the submission of a proposed joint pre-trial order; rather, they largely recast the Parties' already-addressed arguments about this Court's decision to certify the class as a trial management issue. *See Medlock v. Taco Bell Corp.*, No. 07-CV-1314, 2014 WL 4319510, at *5 (E.D. Cal. Aug. 29, 2014) ("[T]o the extent that the parties mutually believe that it would be worthwhile to discuss a trial plan, they are free to voluntarily meet informally with each other to determine how to proceed and stipulate to appropriate issues to save time.").

First, Defendant contends a trial plan would reveal that "class members' testimony about what they read and understood about [Defendant's] ads and disclosures cannot be uniform across the class," so a trial plan would have to "allow Gerber Life to present individualized facts relevant to absent class members on the voluntary payment doctrine." (Def.'s Ltr. 2–3.) But the Court disagreed with substantially the same argument in its Order. (*See* Order 5 n.4 (citing *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 45 (E.D.N.Y. 2008); *id.* 4 & n.2 (citing the Court's discussion of the voluntary payment doctrine in its order on certification, and addressing Defendant's argument about a need for individualized facts).) Next, Defendant proposes a trial

2

plan must address bifurcating the trial as to reliance and exposure, because "[t]here is no way" other than "asking [class members] if they saw any of the ads" to assess whether they were exposed to and relied on Defendant's representations.  (Def.'s Ltr. 3.)  The Court also explained in its Order, however, that Defendant's view was required by neither Rule 23 nor the substantive law on which Plaintiffs' claims are based, and that these issues could be resolved on a class-wide basis.  (*See* Order 6 & n.5; *see also* Letter Resp. to Mot. ("Pls.' Ltr.") 2–3 (Dkt. No. 411) (citing, *inter alia*, *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 267 (E.D.N.Y. 2019), and *Ge Dandong v. Pinnacle Performance Ltd.*, No. 10-CV-8086, 2013 WL 5658790, at *11 (S.D.N.Y. Oct. 17, 2013)).)  And if Defendant is concerned with how Plaintiffs will present their case, such as with what witnesses or other evidence they intend to present, (*see* Def.'s Ltr. 3), then conferring with Plaintiffs ahead of the submission of a proposed joint pre-trial order should provide Defendant the clarity it seeks.

Accordingly, because the issues Defendant raised following the Court's Order on decertification do not demonstrate a need for a trial plan, Defendant's request for leave to file a motion to order Plaintiffs to produce a trial plan is denied.  The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 408).

SO ORDERED.

DATED:      April 30, 2025
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE